UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA                    CRIMINAL NO. 02-50020-12

VERSUS                                       JUDGE DONALD E. WALTER

KATHLEEN NEWTON

**MEMORANDUM ORDER**

Before the Court is a letter motion filed by Kathleen Newton ("Newton") requesting to have her conviction for mail fraud expunged from her record. See Record Document 791. Newton asks for consideration of her request so that she "can go on and proceed in life." Id.

However sympathetic the Court may be to Newton's circumstances, no authority exists in this instance for the Court to enter an order of expungement and Newton has not cited any statutory or case authority permitting such an order.[1] In the Fifth Circuit, expungement is an "exceedingly narrow" remedy and is only granted in very unusual circumstances. See Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 702 (5th Cir. 1997). There is a strong presumption against expungement and a defendant seeking this remedy must demonstrate that she is suffering from more than a "mere burden." Id. at 697. Furthermore, the district court lacks the authority to expunge a criminal record "in which the validity of the original conviction is unquestioned." United States v. Scott, 793 F.2d 117, 118 (5th Cir.1986); United States v. Jenkins, No. H-79-141,

---

[1] "Congress has not expressly granted to the federal courts a general power to expunge criminal records." United States v. Crowell, 374 F.3d 790, 793 (9th Cir. 2004). Instead, Congress has "set the conditions by which the courts may expunge records of federal convictions in particular cases." Id. at 792.

1

2007 WL 4556666 (S.D. Tex. Dec. 18, 2007) ("[T]he district court lacks the authority to order that the official records of a valid conviction be rewritten."); United States v. Choi, No. 88-502, 1998 WL 788777, at *1 (E.D. La. Nov. 10, 1998) (denying a request for expungement where defendant "only claim[s] that his career is limited because of his criminal record"). Here, the validity of Newton's conviction is unquestioned. Accordingly;

**IT IS ORDERED** that the letter motion filed by Newton (Record Document 791) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of August, 2022.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE